IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**FRANK WHITE,**

    **Plaintiff,**

v.                               Civil Action No. 5:14-cv-26106

                                    **JURY TRIAL DEMANDED**

**SAM'S EAST, INC. d/b/a
Sam's Club #4860, an Arkansas
corporation, and WAL-MART
STORES, INC., a Delaware
corporation,**

    **Defendants.**

## COMPLAINT

**NOW COMES** Plaintiff Frank White, by and through his counsel, and files this Complaint against Defendants Sam's East, Inc. d/b/a Sam's Club #4860, an Arkansas corporation, and Wal-Mart Stores, Inc., a Delaware corporation, making claims under the West Virginia Human Rights Act, W.Va. Code §5-11-1 et seq. ("WVHRA") and the West Virginia Workers' Compensation Act, W. Va. Code § 23-5A-1 et seq. ("WVWCA"), stating as follow:

## PARTIES

1.    Plaintiff is an individual residing in Mercer County, West Virginia.

2.    Defendant Sam's East, Inc. ("Sam's Club"), is an Arkansas corporation and a wholly-owned subsidiary of Defendant Wal-Mart Stores, Inc., operating over 600

1

membership-only warehouse club retail stores throughout the United States. Sam's Club's principal office is located at 702 SW 8th Street, Bentonville, Arkansas 72716.

3. Sam's Club owns and operates a warehouse club retail store known as Sam's Club #4860 located at 1220 North Eisenhower Drive, Beckley, West Virginia 25801 ("Beckley Sam's Club").

4. Defendant Wal-Mart Stores, Inc. ("Wal-Mart") is a Delaware corporation operating retail stores throughout the United States. Wal-Mart's principal office is located at 702 SW 8th Street, Bentonville, Arkansas 72716.

5. Upon information and belief, Defendants Sam's Club and Wal-Mart comprise an integrated enterprise as Plaintiff's employer in that they: (1) share management services; (2) share payroll and insurance programs; (3) share services of managers and personnel; (4) share use of office space, equipment and storage; (5) operate their respective entities as a single unit; (6) have common management, common officers, and common boards of directors; (7) share a centralized source of authority for development of personnel policies; (8) share personnel records and screens and tests for applicants for employment; (9) share a human resource department; (10) have inter-company transfers and promotions of personnel that are common; (11) share the same persons who make the employment decisions for such entities; (12) share common persons who own or control the subject entities; (13) share common officers and directors; and/or (14) have common stock ownership. For example, all Defendants share the same principal place of business at 702 SW 8th Street, Bentonville, Arkansas 72716. Such entities have common directors and officers, interrelation between operations,

2

centralized control of labor relations, and a substantial degree of common ownership and financial control.

6. Alternatively, upon information and belief, Defendants Sam's Club and Wal-Mart acted as Plaintiff's "joint employer" because each exercised sufficient control over the terms and conditions of Plaintiff's employment.

7. At all times relevant hereto, Defendants were acting through their agents, supervisors, directors, officers, employees and assigns, and within the full scope of such agency, office, employment, or assignment.

8. At all relevant times, Defendants Sam's Club and Wal-Mart were Plaintiff's employer.

## JURISDICTION AND VENUE

9. Plaintiff asserts claims herein pursuant to the WVHRA and the WVWCA.

10. This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1332 because this controversy is between citizens of different states and Plaintiff is seeking more than $75,000.00 in damages exclusive of interest and costs.

11. Venue is appropriate in the U.S. District Court for the Southern District of West Virginia pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district.

## FACTS

12. Plaintiff was hired by Defendants on or about April 16, 2004 and was continuously employed by Defendants until Defendants terminated Plaintiff's employment on or about June 17, 2013.

13. At all relevant times, prior to Defendants' termination of Plaintiff's employment, Plaintiff performed work at the Beckley Sam's Club.

14. Throughout his employment with Defendants, Plaintiff satisfactorily performed his work for Defendants.

15. In 2007, Plaintiff was promoted from Asset Protection Associate to Asset Protection Manager.

16. In or about November 2010, Plaintiff suffered a back injury while working for Defendants and filed a workers' compensation claim pursuant to the WVWCA.

17. On or about July 5, 2011, Plaintiff re-injured his back while working for Defendants and filed another workers' compensation claim pursuant to the WVWCA.

18. Due to Plaintiff's work-related injury, Plaintiff was unable to work. Plaintiff's work-related injury required back surgery which was performed on or about October 15, 2011.

19. Due to his work-related injury, Plaintiff had permanent limitations on his physical activities, including permanent lifting restrictions.

20. Due to his work-related injury Plaintiff remained off work and collected workers' compensation benefits until September 2012.

21. While off work and collecting workers' compensation benefits, Plaintiff was replaced as the Beckley Sam's Club Asset Protection Manager by Defendants.

22. Plaintiff suffers from a permanent back condition that substantially limits one or more major life activities and has a "disability" under the WVHRA.

23. In early September 2012, the General Manager of the Beckley Sam's Club contacted Plaintiff and offered Plaintiff the position of Tire and Battery Cashier as an

accommodation for Plaintiff's disability. Plaintiff informed the General Manager of his disability and lifting restrictions. The General Manager acknowledged Plaintiff's disability and lifting restrictions and confirmed Plaintiff could perform the Tire and Battery Cashier job with accommodations.

24. Plaintiff began working as a Tire and Battery Cashier on or about September 10, 2012. Plaintiff performed his duties as a Tire and Battery Cashier in a satisfactory manner.

25. Upon reporting to work on or about September 10, 2012, Plaintiff completed a request for accommodations and submitted the request to Defendants.

26. On or about September 25, 2012, Defendants' Americans With Disabilities Coordinator ("ADA Coordinator") contacted the Beckley Sam's Club General Manager and instructed him to place Plaintiff on an unpaid leave of absence because Plaintiff could not perform his job as a Tire and Battery Cashier with the accommodation provided by the General Manager, and pursuant to which Plaintiff had been performing the Tire and Battery Cashier job.

27. On or about September 25, 2013, Plaintiff was placed on an unpaid leave of absence by Defendants.

28. Plaintiff was qualified to perform his Tire and Battery Cashier job at the Beckley Sam's Club, with or without a reasonable accommodation, and in fact, did satisfactorily perform the Tire and Battery Cashier job.

29. Soon after being placed on an unpaid leave of absence, Plaintiff was informed by Defendants' ADA Coordinator that pursuant to Defendants' policy, while

Plaintiff was on an unpaid leave of absence, Defendants would search for an available position for which Plaintiff was qualified.

30. Defendants' alleged policy of searching for a job for which Plaintiff was qualified was a ruse and pretext for unlawful discrimination and retaliation.

31. Based on information and belief, Defendants did not search for a job for which Plaintiff was qualified and intended to discharge Plaintiff upon the running of his unpaid leave of absence.

32. On or about June 17, 2013, Defendants unlawfully terminated Plaintiff's employment under the pretext that Defendants purportedly could not identify a position for which Plaintiff was qualified with his disability-related restrictions.

## COUNT I: UNLAWFUL DISABILITY DISCRIMINATION UNDER THE WEST VIRGINIA HUMAN RIGHTS ACT

33. Plaintiff incorporates by reference Paragraphs 1 through 32 of this Complaint as if fully set forth herein.

34. At all relevant times herein, Defendants were "employers" within the meaning of the WVHRA, W.Va. Code §5-11-3(d).

35. At all relevant times herein, Plaintiff was an "employee" within the meaning of the WVHRA, W.Va. Code §5-11-3(e).

36. At all relevant times, Plaintiff was a person with a "disability" under the WVHRA, W.Va. Code §5-11-3(m).

37. In violation of the WVHRA, W.Va. Code § 5-11-1 et seq., Defendants discriminated against Plaintiff because Plaintiff was a person with a disability, because

Defendants regarded Plaintiff as having a disability, and/or because Plaintiff had a record of having a disability, by and through the following conduct:

   a. failing to provide Plaintiff a reasonable accommodation which would allow Plaintiff to continue to work for Defendants;

   b. placing Plaintiff on an unpaid leave of absence under the pretext of Defendants' purported policy of searching for another position for Plaintiff with the actual intention of terminating Plaintiff's employment; and

   c. unlawfully terminating Plaintiff's employment.

38. As a direct result of Defendants' unlawful conduct, Plaintiff has suffered and will suffer injury and damages, including but not limited to, lost wages with interest, lost benefits, aggravation, emotional distress, humiliation, loss of dignity, mental anguish and other damages for which Defendants are liable.

39. Based upon Defendants' willful and/or malicious conduct, Plaintiff is entitled to recover unmitigated back pay, unmitigated front pay and punitive damages.

40. Plaintiff is also entitled to recover attorneys' fees and costs.

### COUNT II: UNLAWFUL DISCRIMINATION IN VIOLATION OF THE WEST VIRGINIA WORKERS' COMPENSATION ACT

41. Plaintiff incorporates by reference Paragraphs 1 through 40 of this Complaint as if fully set forth herein.

42. At all times relevant hereto, Defendants were "employers" within the meaning of the WVWCA, W.Va. Code §23-5A-1 et seq.

43. At all times relevant hereto, Plaintiff was an "employee" within the meaning of the WVWCA, W.Va. Code § 23-5A-1 et seq.

44. Plaintiff sustained a work-related injury while performing work in the course of his employment by Defendants.

45. Plaintiff sustained a "compensable injury" within the meaning of the WVWCA.

46. Prior to Defendants' termination of Plaintiff, Plaintiff filed a workers' compensation claim and received workers' compensation benefits under the WVWCA.

47. The reason for, or a significant factor in, Defendants' decision to terminate Plaintiff was the fact that he filed a workers' compensation claim and received workers' compensation benefits.

48. Accordingly, Defendants' termination of Plaintiff's employment was unlawful discrimination in violation of the WVWVC, W. Va. Code, § 23-5A-1.

49. As a direct result of Defendants' unlawful conduct, Plaintiff has suffered injury and damages, including but not limited to, lost wages, front pay, aggravation, emotional distress, humiliation, loss of dignity, mental anguish and other damages for which Defendants are liable.

50. Based upon Defendants' willful, reckless, and/or malicious conduct, Plaintiff is entitled to recover unmitigated front pay and punitive damages.

51. Plaintiff is also entitled to recover his attorneys' fees and costs.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

(a) That he be entitled to a trial by jury;

(b) That he be awarded all damages provided by law, including but not limited to, unmitigated lost wages, including back pay and front pay, lost benefits, reinstatement, damages for emotional distress, humiliation and mental anguish, punitive damages, and other damages and equitable remedies for which Defendants are liable;

(c) That he be awarded his reasonable attorneys' fees and costs for having to bring this action;

(d) That he be awarded pre-judgment and post-judgment interest thereon;

(e) That he be awarded such other relief as this Court may deem as just and equitable.

**FRANK WHITE**

By Counsel

_____
Mark Goldner, Esq. (State Bar No. 11286)
Maria W. Hughes, Esq. (State Bar No. 7298)
HUGHES & GOLDNER, PLLC
10 Hale Street, Fifth Floor
Charleston, WV 25301
TEL: (304) 400-4816
FAX: (304) 205-7729
mark@wvemploymentrights.com
maria@wvemploymentrights.com

*Counsel for Plaintiff*