IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

FRANK WHITE,

           Plaintiff,

v.                                    Civil Action No.: 5:14-cv-26106

SAM'S EAST, INC. d/b/a
Sam's Club 4860 and
WAL-MART STORES, INC.

           Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Second Motion to Compel (Document No. 51)[1], filed on August 6, 2015. Defendants, Sam's East Inc. (hereinafter Sam's) and Wal-Mart Stores, Inc. (hereinafter Wal-Mart) filed their joint response (Document No. 58) on August 24, 2015. Plaintiff replied on September 9, 2015. (Document No. 60.) This matter is now ripe for a decision by this Court.

## BACKGROUND

Plaintiff filed his Complaint in this Court based on diversity of citizenship of the parties on September 23, 2014, seeking damages in excess of $75,000 against the Defendants alleging unlawful disability discrimination in violation of the West Virginia Human Rights Act and unlawful discrimination in violation of the West Virginia Workers Compensation Act. (Document No. 1.) Defendants filed their joint answer to the Plaintiff's Complaint on October 31, 2014. (Document No. 7.) On May 29, 2015, Plaintiff filed multiple Certificates of Service indicating service of Plaintiff's second set of discovery requests to Sam's and his first set of discovery request

---

[1] Plaintiff's first Motion to Compel (Document No. 43) was withdrawn by Plaintiff on August 13, 2015. (Document No. 53.)

1

to Wal-Mart. (Document Nos. 28-33). On July 6, 2015, Sam's and Wal-Mart filed Certificates of Service evidencing their answers and responses to the Plaintiff's discovery requests served on May 29, 2015. (Document Nos. 35-40.) Sam's filed Certificates of Service on July 20, 2015, evidencing that it had supplemented its answers and responses to Plaintiff's second set of discovery. (Document Nos. 41-42.)

## DISCUSSION

### I. Applicable Legal Principals[2]

**Standards Governing Discovery**

The Federal Civil Rules enable parties to obtain information by serving requests for discovery on each other, including requests for production of documents. *See generally* Fed.R.Civ.P. 26–37. Rule 26 provides for a broad scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense.... For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed.R.Civ.P. 26(b)(1). The rules of discovery, including Rule 26, are to be given broad and liberal construction. *Herbert v. Lando,* 441 U.S. 153, 177 (1979); *Nemecek v. Bd. of Governors,* No. 2:98–CV–62–BO, 2000 WL 33672978, at *4 (E.D.N.C. 27 Sep. 2000).

While Rule 26 does not define what is deemed relevant for purposes of the rule, relevance has been "'broadly construed to encompass any possibility that the information sought may be relevant to the claim or defense of any party.'" *EEOC v. Sheffield Fin., LLC,* No. 1:06CV889,

---

[2] The undersigned reproduces, *verbatim,* the standards as outlined by the Honorable James E. Gates, United States Magistrate Judge, in the matter of *Lovett v. Cracker Barrel Old Country Store, Inc.*, No. 2:14-CV-34-BO, 2015 WL 4092801, at *1-3 (E.D.N.C. July 7, 2015).

2007 WL 1726560, at *3 (M.D.N.C. 13 Jun. 2007) (quoting *Merrill v. Waffle House, Inc.,* 227 F.R.D. 467, 473 (N.D.Tex.2005)). The district court has broad discretion in determining relevance for discovery purposes. *Watson v. Lowcountry Red Cross,* 974 F.2d 482, 489 (4th Cir.1992). The party resisting discovery bears the burden of establishing the legitimacy of its objections. *Brey Corp. v. LQ Mgmt., L.L.C.,* No. AW–11–cv–00718–AW, 2012 WL 3127023, at *4 (D. Md. 26 July 2012) ("In order to limit the scope of discovery, the 'party resisting discovery bears the burden of showing why [the discovery requests] should not be granted.'") (quoting *Clere v. GC Servs., L.P.,* No. 3:10–cv–00795, 2011 WL 2181176, at *2 (S.D. W. Va. 3 June 2011))). In addition, the court may limit the extent of discovery otherwise allowable where "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed.R.Civ.P. 26(b)(2)(C)(iii); *see also Basile Baumann Prost Cole & Assocs., Inc. v. BBP & Assocs., LLC,* No. WDQ–11–2478, 2013 WL 1622001, at *3 (D. Md. 9 Apr. 2013) ("Further, '[a]ll discovery is subject to the [proportionality] limitations imposed by Rule 26(b)(2)(C).' " (quoting Fed.R.Civ.P. 26(b)(1))).

Rule 33 of the Federal Rules of Civil Procedure governs the service of interrogatories. Fed.R.Civ.P. 33. It provides that "[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Fed.R.Civ.P. 33(a)(1). Rule 33 requires that a party served with interrogatories answer each fully under oath to the extent that the party does not object to the interrogatory. Fed.R.Civ.P. 33(b)(3). Objections not made timely are waived, subject to excuse by the court for good cause. Fed.R.Civ.P. 33(b)(4).

Rule 34 governs requests for production of documents. *See generally* Fed.R.Civ.P. 34. A party asserting an objection to a particular request "must specify the part [to which it objects] and permit inspection of the rest." Fed.R.Civ.P. 34(b)(2)(C). In addition, where the objection asserted is one of privilege, a party must expressly assert it in response to the particular discovery request involved and serve with its discovery responses a privilege log in conformance with Fed.R.Civ.P. 26(b)(5)(A). Failure to timely serve a privilege log meeting the requirements of Rule 26(b)(5)(A) may be deemed a waiver of the privilege otherwise claimed. *Mezu v. Morgan State Univ.,* 269 F.R.D. 565, 577 (D.Md.2010) ("Absent consent of the adverse party, or a Court order, a privilege log (or other communication of sufficient information for the parties to be able to determine whether the privilege applies) must accompany a written response to a Rule 34 document production request, and a failure to do so may constitute a forfeiture of any claims of privilege.").

Rule 37 allows for the filing of a motion to compel discovery responses. *See* Fed.R.Civ.P. 37(a)(3)(B)(iv).

## II. Analysis of the Parties Discovery Disputes

The Plaintiff's Motion to Compel relates, generally, to two matters: 1) Information regarding other disability claims against the Defendants (hereinafter, "disability claims"); and 2) Information regarding requests for accommodations by other employees of Defendants made to Wal-Mart's Accommodation Service Center (ASC). For clarity, the undersigned will outline the matters separately below.

### A. Information Regarding Other Disability Claims

The disability claims issue centers around identical interrogatories and nearly identical answers by both Wal-Mart and Sam's as follows:

### Interrogatory, to and Answer by, Wal-Mart

1. Identify all civil actions or administrative complaints, and claims by employees or former employees, alleging unlawful employment discrimination or retaliation on the basis of disability, or failure to provide reasonable accommodations for a disability by Defendants since January 1, 2010. Your answer should identify the pertinent court or administrative agency, and include the style of the matter, and any docket or administrative number assigned to the matter.

**ANSWER**: Wal-Mart objects to this interrogatory on the basis that it is overly broad in that it is not limited in scope. Subject to and without waiving this objection, Sam's Club states that Plaintiff worked for Sam's East, Inc.'s Beckley, WV Club (Sam's Club #4860) and not at Wal-Mart. Accordingly, Wal-Mart limits its response to Sam's Club #4860 and states that, upon information and belief, other than the instant matter there have been no other civil actions or administrative complaints, claims by employees or former employees, alleging unlawful employment discrimination or retaliation on the basis of disability, or a failure to provide a reasonable accommodation for a disability, from January 1, 2010 to date at Sam's East, Inc's Club #4860.

(Document No. 51-1.)

### Interrogatory to, and Answer by, Sam's

1. Identify all civil actions or administrative complaints, and claims by employees or former employees, alleging unlawful employment discrimination or retaliation on the basis of disability, or failure to provide reasonable accommodations for a disability by Defendants since January 1, 2010. Your answer should identify the pertinent court or administrative agency, and include the style of the matter, and any docket or administrative number assigned to the matter.

**ANSWER**: Sam's Club objects to this interrogatory on the basis that it is overly broad in that it is not limited in scope. Subject to and without waiving this objection, Sam's Club limits its response to Sam's Club #4860 and states that other than the instant matter there have been no other civil actions or administrative complaints, claims by employees or former employees, alleging unlawful employment discrimination or retaliation on the basis of disability, or a failure to provide a reasonable accommodation for a disability, from January 1, 2010 to date.

(Document No. 51-3.)

In essence, Plaintiff seeks discovery of other lawsuits and claims against the Defendants relating to employment discrimination or retaliation due to a disability or a failure to provide a reasonable accommodation. Plaintiff does limit the request temporally to claims from January 1, 2010 to date. (Id.) However, Plaintiff does not limit the request geographically. Plaintiff argues that such information is relevant and that Defendants do not contest the relevancy of the information. (See Document No. 51 at ¶¶ 23-26.) The Defendants argue that the requests are overly broad and that the requests are not geographically limited in scope. The Defendants further argue that if the Court does not geographically limit the scope of the discovery, it would be unduly burdensome on the Defendants to provide the requested information from 4800 Wal-Mart stores and 600 Sam's Clubs. (Document No. 58 at pp. 10-11.) Defendants argue that the scope should be limited solely to the Beckley Sam's Club #4860 because that is where the Plaintiff worked. (Id. at pp. 8-11.) Plaintiff asserts that the limitation of the scope should be defined by the "decision-makers and the scope of their responsibility." (See Document No. 60 ¶ 4.)

Plaintiff sites *Lovett v. Cracker Barrel Old Country Store, Inc.*, No. 2:14-CV-34-BO, 2015 WL 4092801 (E.D.N.C. July 7, 2015) in support of his position. In *Lovett*, the Plaintiff sought specific employment information regarding employees of Cracker Barrel within the entire State of North Carolina. However, the *Lovett* Court limited the scope of the discovery requests to the geographic location that the decision-maker in that case was responsible. Specifically, the Court limited the scope of the Plaintiff's discovery to "District 11." The rationale given by the Court centered on the fact that the record did not establish the relevancy of the information outside the district in question. *Lovett v. Cracker Barrel Old Country Store, Inc.*, No. 2:14-CV-34-BO, 2015 WL 4092801, at *4 (E.D.N.C. July 7, 2015).

Turning back to the case at bar, the parties argue polar opposite positions. Plaintiff's

arguments essentially boil down to seeking nationwide discovery of every claim or cause of action against the Defendants alleging discrimination or retaliation based on disability. Defendants' arguments, on the other hand, boil down to seeking a limitation to discovery of those claims against the defendants at one store; namely the Beckley, WV Sam's Club. The undersigned find both positions untenable.

Plaintiff's complaint seeks damages for violations of **West Virgina's** Human Rights Act and **West Virginia's** Workers Compensation Act. The Court finds that the Defendants' limitation of discovery to the single store in question is too narrow. However, the Court also finds that the Plaintiff's argument for nationwide discovery is too broad. Since the causes of action brought forth in this case allege violations of West Virginia law, this Court finds it appropriate to limit, geographically, the scope of interrogatories outlined above to the State of West Virginia. The Court believes that this appropriately limits the geographic scope to coincide with the causes of action brought by the Plaintiff.

Therefore, the Court **GRANTS** in part and **DENIES** in part Plaintiff's Motion to Compel. The Court specifically **GRANTS** the Plaintiff's Motion to Compel as it applies to Wal-Mart and Sam's regarding their respective Interrogatory Nos. 1, and, based upon the Court's ruling, the respective Interrogatory Nos. 1 are hereby **ORDERED** modified as follows:

> 1. Identify all civil actions or administrative complaints, and claims by employees or former employees, alleging unlawful employment discrimination or retaliation on the basis of disability, or failure to provide reasonable accommodations for a disability by Defendants since January 1, 2010. Your answer should identify the pertinent court or administrative agency, and include the style of the matter, and any docket or administrative number assigned to the matter. **This request is limited geographically to those matters occurring in the State of West Virginia.**

The Court **DENIES** the Motion to Compel to the extent it sought discovery on the stated issue

encompassing all Wal-Mart and Sam's stores in the United States. Defendants have 14 days following entry of this Order to disclose the discovery.

B. **Information regarding requests for accommodations made to Wal-Mart's Accommodation Service Center (ASC)**

The ASC issue relates to Plaintiff's desire to obtain information about employees similarly situated to Plaintiff. Plaintiff sought the information by a combination of an interrogatory and a request for production of documents to Wal-Mart. The relevant discovery requests and responses are as follows:

> [**Interrogatory No**.] **6**. Identify each person who requested an accommodation which was determined by the Accommodation Service Center within the past five (5) years and state the outcome of each such accommodation request.
>
> **ANSWER**: Wal-Mart objects to this interrogatory on the basis that it is overly broad and seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Specifically, this interrogatory seeks the identity of every person who requested an accommodation and the outcome of that request for any Wal-Mart, without regard to geographic scope. Accordingly, this information is not relevant to any claim or defense being asserted in this matter and has absolutely no bearing on the attempts made to offer a reasonable accommodation to Plaintiff. Additionally, Plaintiff worked at Sam's East Inc.'s Beckley, WV Club and not at any Wal-Mart store during the time period at issue in this litigation. Wal-Mart further objects to the interrogatory on the basis that it seeks confidential information of third parties unrelated to this litigation.

(Document No. 51-1.)

> [**Request for Production No.**] **7**. All documents regarding or reflecting the accommodation requests and determinations identified in Defendant's Answers to Plaintiff's First Set of Interrogatories Directed to Defendant Wal-Mart Stores, Inc., Interrogatory No. 6.
>
> **RESPONSE**: Wal-Mart objects to this request on the basis that it is overly broad and seeks information not reasonably calculated to lead to the discovery of admissible evidence. Specifically, this request seeks the identity of every person who requested an accommodation and the outcome of that request, for all associates employed at Wal-Mart, without regard to geographic scope. Wal-Mart

8

> states that Plaintiff worked at Sam's East, Inc.'s Beckley, WV Club and not any Wal-Mart store. This information is neither relevant to any claim or defense being asserted in this matter nor reasonably calculated to lead to the discovery of admissible evidence. Moreover, this information has absolutely no bearing on the attempts made to offer a reasonable accommodation to Plaintff. Wal-Mart further objects to the interrogatory on the basis that it seeks confidential information of third parties unrelated to this litigation.

(Document No. 51-1.)

Plaintiff argues that the ASC and one of its managers, Ben Cormack, made the decision regarding accommodations to Plaintiff. (Document No. 60 ¶ 2.) Relying on the holding in *Lovett*, Plaintiff argues that the decision makers and the scope of their responsibility should define the scope of the information requested. (Id. at ¶¶ 3-4.) Therefore, Plaintiff concludes, since Mr. Cormack and ASC had nationwide decision-making authority, then Wal-Mart should be required to answer the discovery accordingly. However, Plaintiff does concede to narrow the request "to other employees during the stated time period who requested an accommodation of lifting restrictions." (Document No. 51 ¶ 36.)

Wal-Mart argues that since, Plaintiff's claims are based on a theory that the Defendants failed to accommodate the Plaintiff's disability, as opposed to claims for disparate impact, the proper review by the Court should be to make a determination, on an "individualized, case by case basis, whether a person is a 'qualified individual with a disability' and whether a reasonable accommodation exists." (Citing *Ellis v. Family Dollar Stores of West Virginia, Inc.*, 2013 WL 2319422 (S. D. W. Va. 2013.)) (Document No. 58 p. 12.) Wal-Mart also argues that the discovery requests are overly broad and beyond the scope of permissible discovery, and that it would require disclosure of accommodations requests from associates of about 4800 Wal-Mart stores and 600 Sam's Clubs. (Id. at p. 14.) Wal-Mart also contends that Plaintiff's attempted justification for the information, that the evidence would reflect if the Defendants had a pattern of discrimination, has

9

not been pled by the Plaintiff in his complaint and therefore, should not be permitted. (Id. at p. 16.) Finally, Wal-Mart contends that the disclosure of documents regarding other associates would involve the disclosure of confidential health information of non-parties. Therefore, Wal-Mart argues that the requested discovery should be denied. (Id. at p. 19.)

Plaintiff replies that Wal-Mart chose to organize its corporate structure such that the ASC makes accommodation decisions nationwide and since the case law permits discovery defined by the scope of the responsibility of the decision-makers then Plaintiff should be allowed to seek discovery of Mr. Cormack and the ASC on a nationwide basis. (Document No. 60 at ¶¶ 4-5.) Plaintiff also contends that the parties have already entered into an Agreed Protective Order (Document No. 23) and that Plaintiff will work with Wal-Mart to address privacy concerns. (Document No. 60 at ¶ 8.)

Once again, the parties have taken polar opposite extremes. Plaintiff wants discovery based upon every accommodation decision made by the ASC involving about 4800 Wal-Mart Stores and 600 Sam's Clubs, albeit narrowed by Plaintiff's own initiative "to other employees during the stated time period who requested an accommodation of lifting restrictions." Wal-Mart wants to limit the discovery to only the one store where the Plaintiff worked, specifically the Beckley, West Virginia Sam's Club. Neither position is reasonable under the circumstances. First, Plaintiff asserts that Mr. Cormack is the person who made the decision that is at the "heart of the case." (Document No. 60 at ¶ 2.) Second, while the Court is not aware of the exact corporate structure of the ASC, it seems logical that Mr. Cormack is not the only employee that is making accommodations decisions of the 4800 Wal-Mart Stores and the 600 Sam's Clubs. Therefore, it seems reasonable to allow the Plaintiff to discover the information sought in the discovery requests, albeit limited to decisions made by Mr. Cormack during the relevant period as outlined

in the requests. It would be overly broad to allow discovery of other decision makers of the ASC other than Mr. Cormack since the other decision-makers at the ASC had no role in the decision in this case. The Court is unaware if Mr. Cormack's decision-making authority encompassed all Wal-Mart Stores and Sam's Clubs nationwide or if he was limited geographically. Nonetheless, since the Plaintiff alleges that Mr. Cormack was the decision-maker in this matter, it seems logical and relevant to permit the Plaintiff the requested discovery limited by the reach of Mr. Cormack's decision-making authority. By limiting the discovery to Mr. Cormack, the Court has substantially narrowed the scope of the discovery.

With regard to the privacy concerns related to disclosing medical records of other employees who are not parties to this action, the Court agrees with the Plaintiff that the parties have previously worked out an Agreed Protective Order and that they should work with each other in good faith to encompass the privacy concerns that Wal-Mart has **correctly** identified.

Therefore, the Court **GRANTS** in part and **DENIES** in part the Plaintiff's Motion to Compel. The Court specifically **GRANTS**, the Plaintiff's Motion to Compel as to Interrogatory No. 6 directed to Wal-Mart, and, based upon the Courts ruling, Interrogatory No. 6 is hereby **ORDERED** modified as follows:

> 6. Identify each person who requested an accommodation which was determined by **Ben Cormack at** the Accommodation Service Center within the past five (5) years and state the outcome of each such accommodation request. **This request is limited to other employees during the stated time period who requested an accommodation of lifting restrictions.**

The Court **DENIES** the Motion to Compel to the extent it sought discovery on accommodation determinations by the entire Accommodation Service Center, other than Ben Cormack. Since the Plaintiff's Request for Production No. 7 related back to Interrogatory No. 6, the scope of the request for production is reduced as well. Defendants have 14 days following entry of this Order

to disclose the discovery.

Based upon the Court's rulings herein, the Court **FINDS** that the Defendants' objections were substantially justified.   Therefore, the Court declines to order an award of expenses.

In accordance with Rule 72(a) of the Federal Rules of Civil Procedure, the ruling set forth above on this non-dispositive motion may be contested by filing, within 10 days, objections to this Order with District Judge Irene Berger. If objections are filed, the District Court will consider the objections and modify or set aside any portion of the Order found clearly to be erroneous or contrary to law.

The Clerk is directed to send a copy of this Order to counsel of record.

ENTER:  January 15, 2016.

_____
Omar J. Aboulhosn
United States Magistrate Judge